## DeCalles' Estate

*Howard M. Long,* for petitioner.

LADNER, J., June 9, 1939.—This is a petition for discharge of an administrator "without an account", appointed for the purpose of prosecuting an action in the Federal court to recover damages on behalf of the widow of a seaman who perished during the foundering of the Tug Radiant in the Delaware River. It appears from the petition that the Tug Radiant Company, owner of the tug, filed its petition for exemption and limitation of liability in the United States District Court for the Eastern District of Pennsylvania, Admiralty case no. 81 of 1937; that, pursuant to the Act of June 5, 1920, 41 Stat. at L. 1007, 46 USC §688, actions for damages in circumstances such as here present must be prosecuted by the personal representative of the decedent; and that the administrator here applied for and obtained letters of administration only for the purpose of presenting the claim of decedent's

widow, the sole party entitled under said law. The matter was so proceeded with that the value of the tug as foundered was agreed to be $7,500, and the liability of the Tug Radiant Company consequently limited to that amount; that Hon. Oliver B. Dickinson, judge of the United States district court, heard evidence and determined the amount of each and every one of the claims filed and awarded to petitioner administrator expressly for the benefit of the widow, Martha DeCalles, the sum of $489.67. Under the said act of Congress, the estate of a decedent has no beneficial interest in the amount recoverable, but the same is expressly limited for the benefit of the particular.kindred of the deceased in the order designated by the statute.

Petitioners, showing these facts and averring there was no other estate held by the administrator, pray that we order and decree that the said sum of $489.67, less administrator's commission of five percent, be paid by the administrator to the attorney for Martha DeCalles, and upon such payment to the widow, Martha DeCalles (there being no other kindred entitled to recover under the act), the administrator be discharged. The widow not only consented to the petition but joined therein.

Annexed to said petition was a copy of the decree of Judge Dickinson showing the award to have been made as averred.

We accept the interpretation of the Act of 1920, supra, to be that of Judge Chesnut, United States District Court, Maryland, in The Pan Two, 26 Fed. Supp. 990, 993, wherein it is said:

"In giving the right of action to the personal representative without further description, Congress evidently intended to confer the right upon the lawfully and properly appointed executor or administrator of the decedent, Briggs v. Walker, 171 U. S. 466, 19 S. Ct. 1, 43 L. Ed. 243; but for the purposes of the suit he must be regarded as a trustee rather than as an executor or administrator. Although the title to the recovery is vested in him, he is not the real beneficiary of the suit but in this

respect merely a nominal party holding title for the benefit of the decedent's dependents as prescribed by statute."

From this it is clear that the administrator is not accountable to us in any manner for the funds received by him for the benefit of the dependent widow, and we are without jurisdiction to make any award of or out of the sum so received by him at the instance of the United States district court. Our ruling in this regard is consistent with our ruling in Kober's Estate, 17 Dist. R. 184, where, under somewhat similar circumstances, an administrator suing under a New Jersey statute for the benefit of the widow and next of kin was held not to be accountable in this court for the sum so recovered.

The prayer of the petition must be refused.

We have been asked for the information of the bar and as a precedent for other cases of similar nature which are bound to repeatedly arise, to indicate what we regard as the proper practice for such an administrator to obtain his discharge and the release of his and his sureties' future liability on the bond given by them on his appointment. We cannot without an accounting discharge an administrator even though the letters were obtained by him for the sole purpose of suing under the Federal act. An all-sufficient reason is that, once appointed as administrator, he has authority to collect *all* assets of which the decedent died seized, and we cannot know without an accounting whether in fact he did collect or should have collected other assets belonging to decedent.

We recognize, of course, the hardship of imposing the ordinary accounting expense in such cases when no other assets of a decedent exist, but feel in such cases the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 49 (c), and rule 2 (h) of the orphans' court provide a method expeditious and inexpensive for meeting that situation. Section 49 (c) provides that:

"When the personal estate of a decedent does not exceed the value of three hundred dollars, the executor or administrator may, after the expiration of one year after the date of granting the letters testamentary or of administration, present his petition to the proper orphans' court, with an annexed account showing the administration and legal distribution of the estate; the statements in the petition and the account to be verified by the affidavit of such executor or administrator. Thereupon the court may, upon satisfactory proof or acknowledgment of notice to all parties known to be interested in said estate, that said petition and account have been presented, order, at the end of thirty days from the date of filing the petition and account, the discharge of the executor or administrator and his sureties from future liability, without the expense of proceedings as in a formal account, unless during said period of thirty days exceptions be filed to the account."

If in this case decedent left no assets, then, of course, the estate is one which does not exceed $300 and comes certainly within the spirit if not the letter of this section. If the administrator has no other property he could charge himself with the money received from the death of decedent, entering it short with an explanation. The orphans' court could then audit the account but make no award of this money, for it is the duty of the administrator to forthwith pay the same to Martha DeCalles, widow and next of kin, pursuant to the decree of the Federal court. If counsel will so proceed, his application for discharge will be entertained. (See form page 38, Hunter's Orphans' Court Forms.)

The petition is dismissed with leave to present a new petition and an account in accordance with section 49 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447.